**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------
**UNITED STATES OF AMERICA**

    - against –

**HERIBERTO CASTRO,**

              Defendant.
-----------------------------------

**01 Cr. 534 (JGK)**

**MEMORANDUM OPINION and ORDER**

**JOHN G. KOELTL, District Judge**:

    This case has been remanded to this Court for a determination of whether to resentence the defendant in light of United States v. Booker, 125 S.Ct. 738 (2005) and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). The Court has carefully reviewed the submissions of the parties and has concluded that, fully aware that the Sentencing Guidelines are only advisory and that the Court is to consider all of the factors in 18 U.S.C. § 3553(a), the Court would not have sentenced the defendant to a different sentence. The sentence, consisting principally of a term of imprisonment of 135 months and a term of supervised release of 5 years, was wholly reasonable after considering the factors in 18 U.S.C. § 3553(a).

The Court acknowledged at sentencing that it had considered factors such as the seriousness of the offense and the need for deterrence. (Transcript of proceedings held on Feb. 27, 2004 ("Sentencing Tr.") at 19.) The offense in this case involved a conspiracy to distribute 100 kilograms of cocaine. While the defense questioned the Court's sentence, the Court made it clear that it found the sentence to be right. (Sentencing Tr. at 21.)

Considering all of the factors under 18 U.S.C. § 3553(a), the sentence was reasonable. The sentence was sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2), particularly to reflect the seriousness of the offense, afford adequate deterrence, and protect the public. The sentence also avoided unwarranted sentencing disparities because it was consistent with the Sentencing Guidelines. The sentence also took into account the serious nature of the offense – an offense involving a conspiracy to distribute 100 kilograms of cocaine – and the history and characteristics of the defendant.

The defendant urges that this is his first offense, that he should have been sentenced only to the 120-month statutory mandatory minimum, and that he is less culpable than his co-defendant. However, the sentence was wholly reasonable in light of the statutory factors in 18 U.S.C. § 3553(a). The sentence

reflects that the defendant was sentenced as a first offender with a criminal History Category of I and was only sentenced for the conspiracy that he conceded involved 100 kilograms of cocaine.  Indeed, as the Government correctly points out, the sentence was less than it could have been because the Court found at a prior evidentiary hearing that the defendant's testimony about his lack of involvement in prior drug transactions was not credible.  United States v. Soriano, 295 F.Supp.2d 317, 323-24 (S.D.N.Y. 2003).  The Government did not seek, the Probation Department did not recommend, and the Court did not impose the possible sentencing enhancement for obstruction of justice and the denial of the credit for acceptance of responsibility based on the defendant's false testimony at the evidentiary hearing.  However, that false testimony prevents the Court from obtaining a full understanding of the extent of the defendant's prior drug transactions.  Thus, providing for a sentence that includes some increase over the statutory mandatory minimum is wholly reasonable to take into account the seriousness of the offense and the nature and characteristics of the defendant.

    Therefore, the motion for resentencing is **denied**.

**SO ORDERED.**

found at a prior evidentiary hearing that the defendant's testimony about his lack of involvement in prior drug transactions was not credible. United States v. Soriano, 295 F.Supp.2d 317, 323-24 (S.D.N.Y. 2003). The Government did not seek, the Probation Department did not recommend, and the Court did not impose the possible sentencing enhancement for obstruction of justice and the denial of the credit for acceptance of responsibility based on the defendant's false testimony at the evidentiary hearing. However, that false testimony prevents the Court from obtaining a full understanding of the extent of the defendant's prior drug transactions. Thus, providing for a sentence that includes some increase over the statutory mandatory minimum is wholly reasonable to take into account the seriousness of the offense and the nature and characteristics of the defendant.

Therefore, the motion for resentencing is **denied.**

**SO ORDERED.**

**Dated:** **New York, New York**
**August 2, 2005**

John G. Koeltl
United States District Judge